UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :
    v.                              :   CR No. 08-106-S
                                    :
KEVRON BOWIE.                       :
_____:

**ORDER REGARDING MOTION FOR TRANSCRIPT**

WILLIAM E. SMITH, United States District Judge.

Before this Court is Kevron Bowie's "Pro Se Motion for Sentencing Transcript Pursuant to the CJA, 18 U.S.C. § 3006A" (ECF No. 30), in the above matter. For the reasons that follow, that motion is denied.

Bowie pled guilty to possession with intent to distribute crack cocaine and to being a felon in possession of a firearm, and this Court sentenced him to concurrent prison terms of 151 months and 120 months, respectively. Judgment entered on July 31, 2009, and pursuant to the waiver-of-appeal provision in his plea agreement, Bowie did not file an appeal. His conviction became final in August 2009.

In October 2011, more than two years later, Bowie filed the instant motion for a transcript of his sentencing hearing.[1] In his motion, Bowie states that he "desires to file a post-

---

[1] Bowie has also filed an Application to Proceed Without Prepayment of Fees and Affidavit (IFP Application), which this Court addresses in a separate Order.

conviction pleading with this court, and is in need of the Sentencing Transcript in order to perfect such a pleading." (Mot. at 1, ¶ 3.) He further asserts that in his criminal case he was represented by counsel appointed under the Criminal Justice Act. (Id. ¶ 4.)

The Criminal Justice Act (CJA) references the payment of transcripts in criminal proceedings, but only in the context of requests made by court-appointed counsel -- which is not the case here. See 18 U.S.C. § 3006A(d) (providing for payment of fees and expenses incurred by CJA counsel).

Rather, Bowie's request is governed by 28 U.S.C. § 753, which provides in pertinent part that a court may authorize a transcript at government expense "in proceedings brought under section 2255" if the judge certifies that the motion to vacate is "not frivolous and that the transcript is needed to decide the issue presented by" the motion to vacate. 28 U.S.C. § 753(f).

Here, Bowie does not have any § 2255 proceeding currently pending in this Court -- or any proceeding at all. He did not appeal his conviction, and the time for him to file any direct appeal has long since passed. Likewise, to date he has not filed any § 2255 motion to vacate contesting his sentence or conviction, and the one-year limitation period to do so has also

passed. While Bowie states that he contemplates filing a postconviction pleading, it is unclear what pleading he could file that would be timely, given that his criminal judgment became final in August 2009, more than two years ago.

Bowie points to no other authority, nor is this Court aware of any, under which Bowie may be provided with the requested transcript at Government expense. Thus, this Court has no authority to provide Bowie with a free transcript in these circumstances. See United States v. Keys, No.1:11-CR-00065, 2011 WL 3497168 (S.D. Ohio Aug. 10, 2011) (denying request for transcript of suppression hearing at government expense, where defendant was not proceeding under CJA or in habeas proceeding).

Accordingly, Bowie's motion for a transcript of his sentencing hearing is hereby DENIED.[2]

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: November 21, 2011

---

[2] Bowie is free, of course, to order, at his own expense, a transcript of his sentencing hearing under payment arrangements satisfactory to the Court Reporter.